**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-20535
Summary Calendar
_____


RON HAAS,

Plaintiff-Appellant,

VERSUS

ADVO SYSTEMS, INCORPORATED,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Texas
_____

February 10, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


Ron Haas appeals a summary judgment in favor of ADVO Systems, Incorporated ("ADVO"), on Haas's claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). Because Haas raises a genuine issue of material fact regarding evidence of a nondiscriminatory motive, we reverse and remand.

## I.

Haas submitted an application to ADVO for a Sales Manager position. He interviewed with Craig Rosengarden, ADVO's Vice President for Sales. The interview lasted eighty minutes, during which Rosengarden commented that Haas was the "first well qualified candidate that he had met." Haas then met with Jean Dickson, ADVO's Human Resource Manager, for another sixty to eighty minutes.

Haas was called back to ADVO for a second interview, in which Rosengarden told him that he had offered the Sales Manager position to another person who had turned it down, leaving Haas and Marie Barden as the finalists. Rosengarden added that his only concern about hiring Haas was his age.

About a week later, Haas was invited to meet with Greg Parnell, who was ADVO's Regional Vice President and the official with ultimate hiring authority over the Sales Manager position. This interview lasted approximately two hours. Shortly thereafter, Dickson informed Haas that he was not hired. The reason given was that Rosengarden felt that the chemistry was better with Barden. At the time, Haas was fifty-four years old, Barden thirty-four.

## II.

This court generally analyzes claims under the ADEA via the burden shifting approach in *McDonnell Douglas Corp. v. Green*,

411 U.S. 792 (1972).  *See Ross v. University of Tex.*, 139 F.3d 521, 525 (5th Cir. 1998).  The plaintiff  must carry the initial burden of establishing a *prima facie* case of discrimination.  *McDonnell Douglas*, 411 U.S. at 802.  Haas has done this by showing that (1) he belongs to a protected class; (2) he applied for and was qualified for a position that was seeking applicants; (3) he was rejected; and (4) following his rejection, another applicant not of the protected class was hired.  *See id.*

Thereafter, the burden shifts to the employer, which must articulate "some legitimate, nondiscriminatory reason for the employee's rejection."  *Id.*  ADVO's argument that Barden was the better of the two candidates, on the basis of experience, qualifications, and chemistry, suffices to meet this burden.  *Cf. id.* at 802-03.

Lastly, Haas must be afforded an opportunity to rebut ADVO's purported explanation, to show that the reason given is merely pretextual.  *Id.* at 804.  In determining whether Haas's rebuttal rescues him from summary judgment, we look to whether he has "raise[d] a genuine issue of material fact as to whether he has established pretext."  *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996).  In so doing, we look at rebuttal evidence in tandem with evidence presented as part of the *prima facie* case. *Id.*

Haas's  only  evidence  that  possibly  could  rebut  ADVO's

3

explanation is the statements made by Rosengarden regarding Haas's age.  Between his second and third interviews, Haas was told by Rosengarden that Rosengarden's "only concerns about hiring [Haas] were [his] age . . . ."  Construing all reasonable inferences in favor of Haas, we find that this statement, in light of its circumstances, precludes summary judgment.

Although, as ADVO forcefully argues, ParnellSSand not Rosen-gardenSShad ultimate hiring authority, it would be inappropriate for us to infer that Rosengarden's recommendation to Parnell regarding Haas was both (1) free from the taint of his concerns regarding Haas's age and (2) inconsequential to Parnell's final decision.  It is more reasonable to infer that Rosengarden's expressed concern over lack of "chemistry" between the office and Haas was linked to Haas's age and that Rosengarden's input indeed was influential in Parnell's decision making.

Instructive in our treatment of Rosengarden's remarks is *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655-56 (5th Cir. 1996), in which we noted that

> remarks may serve as sufficient evidence of age discrimination if the offered comments are: 1) age related; 2) proximate in time to the [employment decision]; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue.  Comments that are "vague and remote in time" are insufficient to establish discrimination.

Id. at 655.  Rosengarden's statements were not "vague and remote in

4

time," but rather were closely connected in subject matter and time to the employment decision. *Brown* suggests, therefore, that Rosengarden's comments be viewed as evidence of discrimination as a matter of law.

We also reject ADVO's argument that only Parnell was a relevant decision maker and that Rosengarden exerted no influence over Parnell's ultimate decision. The record does not support this argument, and the inference we make must be to the contrary. Likewise, we reject ADVO's assertion that no causal nexus between Rosengarden's statements and Parnell's decision exists as a matter of law.[1]

Because we do not construe Haas's evidence to constitute "direct evidence" of discrimination, however, we do not reach the issue of ADVO's mixed-motives defense.[2] Instead, we merely conclude that Rosengarden's statements provide indirect, inferential evidence of discrimination, albeit sufficient evidence to defeat summary judgment.

The summary judgment is REVERSED, and this matter is REMANDED

---

[1] *See Long v. Easterfield College*, 88 F.3d 300, 307 (5th Cir. 1996) ("The degree to which [the ultimate hiring officer]'s decisions were based on his own independent investigation is a question of *fact which has yet to be resolved at the district court level.* Viewing the evidence in the light most favorable to [plaintiffs], we must assume on appeal that [hiring officer] merely 'rubber stamped' the recommendations of [his subordinates].") (emphasis added).

[2] *See Mooney v. Aramco Servs. Corp.*, 54 F.3d 1207, 1218 (5th Cir. 1995) (stating that direct evidence of discrimination is that which shows that the employer in question "actually relied on [the forbidden factor] in making its decision"); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 241-46 (1988) (discussing mixed-motives defense).

5

for further appropriate proceedings.  We express no views as to the ultimate merits of the claim; we conclude only that the matter should not be resolved on summary judgment.