REVISED, JANUARY 31, 2001

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 99-50742
_____

ARTURO P. MEDINA,

Plaintiff-Appellant,

v.

RAMSEY STEEL COMPANY, INC. AND DOUG RAMSEY, JR.,

Defendants-Appellees,

_____

No. 99-51171
_____

ARTURO P. MEDINA,

Plaintiff-Appellee,

v.

RAMSEY STEEL COMPANY, INC. AND DOUG RAMSEY, JR.,

Defendants-Appellants.
_____

Appeals from the United States District Court
for the Western District of Texas
_____
January 29, 2001

Before REYNALDO G. GARZA, STEWART, and DENNIS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Arturo P. Medina brought suit against his employer Ramsey

Steel Company, Inc. ("Ramsey Steel") and Doug Ramsey, an employee

1

of the corporation, alleging that they refused to promote him because of his age and terminated him in retaliation for complaining of age discrimination. Medina began working for Ramsey Steel in 1968 when he was thirty-two years of age. Six years later, he left Ramsey Steel in search of other career opportunities which included a job selling real estate for a Century 21 franchise. In 1978, Medina returned to Ramsey Steel and worked as a detailer just as he had prior to leaving the company. A detailer prepares shop drawings for the steel components that Ramsey Steel sells to its customers.

Although Medina worked as a detailer for the balance of his employ at Ramsey Steel, from 1978 to 1994, he sought promotions on three occasions. A few years after his return to Ramsey Steel, Medina expressed interest in an outside sales position. Although Ramsey Steel never officially stated that the position was open, Ramsey Steel awarded the job to Joe Menchey, a man twenty-five years Medina's junior. Sometime in 1989 or 1990, Menchey resigned and Medina again expressed interest in the outside sales position. According to Medina, Ramsey Steel's president, Greg Ramsey, told him that he did not have the right "ingredients" for the job. After offering the job to an employee who declined it, the position remained open for several years until Ramsey Steel hired Fred Chavarria, a man twenty-five years Medina's junior.

2

During the time that the outside sales position was vacant, Ismael Legarreta, an Assistant Vice-President at Ramsey Steel, held a meeting to discuss the newly created lead detailer position. Medina claims that during this meeting the issue of productivity arose and that Lupe de la Cruz believed that the solution was to "get rid of all the old people." De la Cruz received no reprimand for this comment and, in fact, was promoted to the new lead detailer position. Ramsey Steel claims that Medina never applied for the lead detailer position but Medina says that Legarreta told him and other detailers that they would all be considered for the position.

After he was passed over for the lead detailer position, Medina began complaining about age discrimination to his fellow workers. Medina contends that prior to these complaints, his personnel record contained only one complaint about his work. After he complained, Medina's supervisors entered at least eight complaints in his personnel file, and, on November 22, 1993, Doug Ramsey placed him on probation for ninety days.

On December 3, 1993, Medina mailed a charge to the Texas Commission on Human Rights ("TCHR") alleging age discrimination. Medina amended this charge on December 7, 1993. The Equal Employment Opportunity Commission ("EEOC") received notice of the charge on December 20, 1993. According to Medina, in February of 1994, he attended a meeting at which Ismael Legarreta told Medina

3

about Ramsey Steel's chain of command and then said, "I don't care if you have been with the company five years or fifty years. And I don't care if you sue me or take me to court. It's going to be hard for you to collect." Doug Ramsey, one of Medina's supervisors, terminated him and memorialized the decision in a memorandum dated March 10, 1994.

On November 29, 1994, Medina filed his Original Petition in state court alleging discriminatory non-promotion and retaliatory discharge under Chapter 21 of the Texas Labor Code. Ramsey Steel and Doug Ramsey removed the action to federal court claiming that it was preempted by the Federal Age Discrimination in Employment Act ("ADEA"). The federal court remanded the case to the state court on February 2, 1995.

After an initial trial setting and the granting of two continuances, the case sat idle for thirty-three months until it was transferred to another judge who set it for trial on May 10, 1999. In May of 1999, Medina amended his petition to assert a claim for back pay and liquidated damages. After this amendment, Ramsey Steel and Doug Ramsey removed the case to federal court which immediately scheduled the case for trial on July 26, 1999. Medina moved to remand the action back to state court and the federal district court denied the motion. On July 27, 1999, the district court granted Ramsey Steel's and Doug Ramsey's motion for summary judgment on all of Medina's claims.

4

The district court held that Medina failed to raise a fact issue on whether he was qualified for the outside salesman position. As to the lead detailer position, the district court held that Medina failed to carry his ultimate burden of demonstrating that the failure to promote was based on Medina's age. In granting summary judgment on Medina's retaliation claim, the district court held that Medina had failed to establish that his complaints of age discrimination were the cause of his termination. Medina also appeals the district court's denial of his motion to remand to state court. Ramsey Steel appeals the district court's denial of its motion for attorney's fees. Because they relate to the same set of facts, we consolidated the appeals.

I.

The district court denied Medina's motion to remand this case to state court. Medina argues that remand was appropriate because his original pleadings alleged discrimination and retaliation under Texas law only. However, Medina seeks unlimited back pay and liquidated damages. We review *de novo* the denial of a motion to remand. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365(5th Cir. 1995).

The plaintiff is "the master of her complaint," and, as such, "[a] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's

5

well-pleaded complaint." *Id.* at 366. When a plaintiff has a choice between federal and state law claims, she may proceed in state court "on the *exclusive* basis of state law, thus defeating the defendant's opportunity to remove." *Id.* (emphasis added). Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action. *See id.*

Medina's amended pleadings seek back pay and liquidated damages as provided under the ADEA. *See* 29 U.S.C. § 626(b). Texas law caps lost earnings at two years and does not provide for the award of liquidated damages. Tex. Lab. Code Ann. § 21.258(c)(Vernon 1996). From the face of Medina's well-pleaded complaint, it is clear that Medina is not proceeding on the exclusive basis of state law. Instead, the damages he seeks are authorized only by federal law. *See id.;* 29 U.S.C. § 626(b). Therefore, the district court's denial of Medina's motion to remand was appropriate.

## II.

Medina's age discrimination claims are based on the fact that he was passed over for promotion on three separate occasions. The district court granted summary judgment against Medina on these claims. We review a district court's grant of summary judgment *de novo*. *See Bodenheimer v. PPG Indus., Inc.*, 5

6

F.3d 955, 956(5th Cir. 1993).  As to Medina's age discrimination claims, we reverse.

A.

Two of Medina's three age discrimination claims are based on Ramsey Steel twice passing him over for promotion to outside salesperson.  The district court granted summary judgment against Medina on the ground that he failed to raise a genuine issue of material fact as to whether he was qualified for the position in that he did not demonstrate how he met Ramsey Steel's "substantial sales experience" requirement.

We analyze employment discrimination claims under a three-step, burden-shifting framework.[1]  *See Lindsey v. Prive Corp.*, 987 F.2d 324, 326(5th Cir. 1993).  First, the employee must raise a genuine issue of material fact as to each element of his prima facie case.  *See id.*  Then, the employer must articulate a legitimate, nondiscriminatory reason for its employment decision.  *See id.*  Finally, the employee must raise a genuine issue of material fact as to whether the employer's proffered reason was merely a pretext for age discrimination.  *See id.*

The first issue for our discussion is whether Medina has raised a genuine issue of material fact as to each element of his prima facie case.  In an age discrimination, failure to promote

---

[1]Texas courts also apply this three-step analysis to age discrimination cases.  *See Farrington v. Sysco Food Serv., Inc.*, 865 S.W.2d 247, 251(Tex. App.–Houston[1st] 1993, writ denied).

7

case, the employee must demonstrate that 1) he belongs to the protected class, 2) he applied to and was qualified for a position for which applicants were being sought, 3) he was rejected, and 4) another applicant not belonging to the protected class was hired. *See id.* at 326-27.

It is undisputed that Medina is within the protected class, that he sought promotion to the job, that Ramsey Steel rejected him, and that individuals not within the protected class filled the outside sales position both times it came open. The focus of Ramsey Steel's attack on Medina's prima facie case, and the basis for the district court's grant of summary judgment, is that Medina is unqualified for the outside sales position because he failed to meet the "substantial sales experience" requirement. This was the only qualification Ramsey gave for the position; so, the crucial, central issue is whether an employer can defeat an employee's claim via summary judgment at the prima facie case stage by claiming that he failed to meet entirely subjective hiring criteria. We do not think so.

While subjective criteria like that set forth by Ramsey Steel "may serve legitimate functions, they also provide opportunities for unlawful discrimination" because the criteria itself may be pretext for age discrimination. *Id.* at 327. As we have indicated before, an employer may not "utilize wholly subjective standards by which to judge its employees'

8

qualifications and then plead lack of qualification when its promotion process . . . is challenged as discriminatory." *Crawford v. Western Elec. Co.*, 614 F.2d 1300, 1315(5th Cir. 1980).

For these reasons, other circuits have concluded that a prima facie case is established once the plaintiff demonstrates that objective employment qualifications have been met. *See Jayasinghe v. Bethlehem Steel Corp.*, 760 F.2d 132, 135(7th Cir. 1985); *Burrus v. United Tel. Co. of Kansas, Inc.*, 683 F.2d 339, 342(10th Cir. 1982); *Lynn v. Regents of the University of California*, 656 F.2d 1337, 1344(9th Cir. 1981). For example, in *Burrus v. United Telephone Co. of Kansas, Inc.*, the Tenth Circuit concluded that objective qualifications are best treated at the first step of the analytical framework and that subjective criteria and other supporting evidence are best treated at the second and third steps. *Burrus*, 683 F.2d at 342. If a failure to satisfy subjective hiring criteria could defeat an employee's prima facie case, "the court then would not be required to consider evidence of pretext." *Id.* "Thus the use of the subjective hiring criteria would go unchallenged." *Id.* This result would "collapse the analysis into a single initial step at which all issues would be resolved." *Id.* For these reasons, it is inappropriate to decide as a matter of law than an employee is unqualified because he has failed to meet entirely subjective

9

hiring criteria. *See Lindsey v. Prive Corp.*, 987 F.2d 324, 327(5th Cir. 1993). Instead, an employee must demonstrate that he meets objective hiring criteria at the prima facie case stage, and the issue of whether he meets subjective hiring criteria is dealt with at the later stages of the analysis. *See id.; Burrus*, 683 F.2d at 342.

Another reason for this approach is to prevent the judge from making credibility determinations in the summary judgment context. *See Lindsey*, 987 F.2d at 327-28. In *Lindsey v. Prive Corp.*, a gentlemen's club failed to promote two waitresses to dancers because they were not "beautiful, gorgeous, and sophisticated." *Id.* at 326. The waitresses sued the club claiming age discrimination. *See id.* The district court granted summary judgment in favor of the club on the ground that the waitresses had failed to meet its subjective hiring criteria. In reversing the district court's decision, we acknowledged that an employer can make employment decisions based on subjective criteria. *See id.* at 328. However, we also said that distinguishing legitimate employment decisions based entirely on subjective criteria and those in which subjective criteria serve as pretext for discrimination can only be made by weighing the employer's credibility. *See id.* at 327-28. "Beauty is in the eye of the beholder and the beholder in this case" is the employer, but the "question left for the judge or jury will not

10

require second guessing of the [club's] personnel decisions but, rather, will require an evaluation of the credibility of the defendant's testimony about the reasons for that decision." *Id.* at 328. In short, "the trier-of fact will evaluate truthfulness, not beauty." *Id.*

Similarly, what constitutes "substantial sales experience" is in the eye of the beholder. While Ramsey Steel is the beholder, it is the trier-of-fact's duty to determine whether Ramsey Steel beheld a man it felt was unqualified for the job or a man it felt was too old for the job. Because Ramsey Steel's hiring criterion was entirely subjective, Medina's claims could not be defeated on summary judgment at the prima facie case stage.

Thus, the burden shifted to Ramsey Steel to articulate a legitimate, non-discriminatory reason for its decision. *See id.* at 326. Ramsey Steel asserted that Medina is not qualified for the job so the burden shifted to Medina to produce evidence raising a fact issue as to whether Ramsey Steel's reason was pretextual. A review of the record demonstrates that Medina has done so.

Medina offered evidence that he had experience selling real estate for Century 21. He also offered evidence that he had more sales experience and more experience in the industry than the individual promoted over him. When he expressed interest in the

11

job, Medina claims the company president told him that he did not have the right "ingredients" rather than saying he was unqualified. Finally, Medina offered evidence that, near the time Medina was passed over in favor of a younger man, Lupe de la Cruz told the Assistant Vice-President, Ismael Legarreta, that he should "get rid of all the old people." Medina has offered evidence that Legarreta was involved in hiring decisions and that he made no response to De la Cruz's remark. All of this evidence raises a genuine issue of material fact as to whether Ramsey Steel's proffered reason for failing to promote Medina was merely a pretext for age discrimination. Therefore, the district court's decision to grant summary judgment against Medina was inappropriate.

B.

The district court granted summary judgment against Medina on his claim that Ramsey Steel failed to promote him to the lead detailer position because of his age. The district court held that Medina had failed to raise a genuine issue of material fact as to his ultimate burden of demonstrating age discrimination. We disagree.

Again, in a failure to promote case, the employee has the initial burden to satisfy his prima facie case by showing that 1) he belongs to the protected class, 2) he applied to and was qualified for a position for which applicants were being sought,

3) he was rejected, and 4) another applicant not belonging to the protected class was hired. *See id.* at 326-27. The burden then shifts, and the employer must articulate a legitimate, nondiscriminatory reason for its decision. *See id.* at 326. Finally, the employee must show that the employer's proffered reason is merely a pretext for age discrimination. *See id.*

Medina has raised a genuine issue of fact with respect to his prima facie case. It is undisputed that Medina belongs to the protected class, that he was passed over for promotion, and that someone not within the protected class was hired. Further, Ramsey Steel does not argue that Medina was unqualified for the lead detailer position. Ramsey Steel attacks Medina's prima facie case by contending that Medina failed to apply for the job of lead detailer by writing his name on a bulletin board sign-up sheet. While Ramsey Steel has proffered evidence to this effect, Medina has countered with evidence that the Assistant Vice-President of the Company, Ismael Legarreta, held a meeting in April of 1993 in which he told Medina and other detailers that they would all be considered for the position without having to sign on the sign-up sheet. Therefore, Medina has raised a fact issue as to whether he applied for the job and thus has met his burden at the prima facie case step of the analysis.

To satisfy its burden of articulating a legitimate, nondiscriminatory reason for failing to promote Medina, Ramsey

Steel asserted that Medina would have been turned down for the position because of poor performance. The burden then shifted to Medina to show that Ramsey Steel's proffered reason was merely a pretext for discrimination. *See id.* To meet this burden, Medina pointed to the fact that the evidence Ramsey Steel cites to support its proffered reason for not promoting Medina relates to incidents of poor performance that occurred after the hiring decision was made. In fact, the district court stated that Ramsey Steel's legitimate, nondiscriminatory reason "fails" for the same reason. Medina also offered evidence that he was a more experienced detailer than the man actually hired, Lupe De la Cruz.

Medina had twenty-one years of experience with the company, eighteen of which were as a detailer, while De la Cruz was only twenty-two or twenty-three years old, with far less detailing experience. Finally, Medina offered evidence that De la Cruz told Legarreta that the solution to the company's productivity problems was to "get rid of all the old people." According to Medina, Legarreta did not reprimand De la Cruz for this remark or respond to it in any way. In fact, De la Cruz was promoted to the position of lead detailer. Despite this evidence of pretext, the district court granted summary judgment on the ground that Medina had failed to raise a genuine issue of material fact as to his ultimate burden of proving age discrimination.

14

Remarks may serve as sufficient evidence of age discrimination if they are: 1) age related, 2) proximate in time to the employment decision, 3) made by an individual with authority over the employment decision at issue, and 4) related to the employment decision at issue. *See Brown v. CSC Logic, Inc.*, 82 F.2d 651, 655-56(5th Cir. 1996). Here, De la Cruz's comment was clearly age related, was made when the lead detailer opening was announced and being discussed, and related to the lead detailer promotion decision. Ramsey Steel argues, however, that, since De la Cruz is not an individual with authority over employment decisions, the comment is not sufficient evidence of age discrimination to allow Medina to survive summary judgment. While it is true that De la Cruz did not have hiring authority, this fact is not necessarily lethal to Medina's claim.

For example, in *Haas v. ADVO Systems, Inc.*, the plaintiff applied for a sales manager job and had an interview with the defendant's Vice-President for Sales. 168 F.3d 732, 732(5th Cir. 1999). During this interview, the Vice-President told the plaintiff that his only concern about hiring him was his age. *See id.* at 733. The Vice-President for Sales then recommended that the Regional Vice-President not hire the plaintiff. *See id.* This was the only evidence of age discrimination the plaintiff offered in *Haas*. *Id.* Although the ultimate hiring authority rested with the Regional Vice-President and not the Vice-

15

President for Sales who made the age based comment, we held that the comment precluded summary judgment. *See id.* at 733-34. In order to grant summary judgment after such a comment is made, we would have had to infer that the comment was inconsequential to the decision of the person with ultimate hiring authority. *See id.* at 733. In the summary judgment context, we are not permitted to draw such an inference. *See id.*

As in *Haas*, to grant summary judgment in this case we must infer from this evidence that De la Cruz's comment was inconsequential to Legarreta's hiring decision despite the fact that he was silent in response to it. This is an inference we cannot draw as we must make all inferences in favor of the nonmovant, Medina. Therefore, summary judgment on Medina's claim of age discrimination based on a failure to promote him to the position of lead detailer was inappropriate.

### III.

Medina claims that he was unlawfully terminated in retaliation for opposing Ramsey Steel's discriminatory practices. The district court granted summary judgment on Medina's unlawful retaliation claim on the ground that Medina had failed to raise a genuine issue of fact as to whether his protected conduct was a cause-in-fact of his termination. We disagree.

16

The analytical framework for a retaliation claim is the same as that used in the employment discrimination context.[2] *See Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122(5th Cir. 1998). Thus, once the plaintiff establishes a prima facie case of unlawful retaliation, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *See id.* Then, the plaintiff must adduce evidence "that would permit a reasonable trier or fact to find that the proffered reason is a pretext for retaliation." *Id.* This burden requires the plaintiff to demonstrate that the adverse employment action would not have occurred "but for" the protected activity. *See id.*

A plaintiff establishes a prima facie case of unlawful retaliation by demonstrating 1) he engaged in protected activity, 2) he suffered an adverse employment decision, and 3) a causal link exists between the protected activity and the adverse employment decision. *See Long v. Eastfield College*, 88 F.3d 300, 305 n.4(5th Cir. 1996). Ramsey Steel concedes that Medina was engaged in protected activity and that he suffered an adverse

---

[2]Texas courts have articulated the same elements for establishing a prima facie case of retaliation as federal courts. *See Cox & Smith, Inc. v. Cook*, 974 S.W.2d 217, 223(Tex. App.–San Antonio 1998, pet. denied). Texas courts have not fleshed out the remaining steps of the analysis but have said that they would look to interpretation of federal civil rights law in doing so. *See Mayberry v. Texas Dep't of Agric.*, 948 S.W.2d 312, 315 n.2(Tex. App.–Austin 1997, writ denied).

17

employment decision in that he was terminated on March 10, 1994. However, Ramsey Steel attacks Medina's prima facie case by asserting that he has failed to establish a "causal link" between the protected activity and the termination.

A "causal link" is established when the evidence demonstrates that "the employer's decision to terminate was based in part on knowledge of the employee's protected activity." *Sherrod*, 132 F.3d at 1122. The Eleventh Circuit has held that the "causal link" element is satisfied when the plaintiff shows that the employment decision and his protected activity "were not wholly unrelated. *Simmons v. Camden County Bd. of Educ.*, 757 F.2d 1187, 1189(11th Cir. 1985). Doug Ramsey is the Ramsey Steel employee who terminated Medina. He memorialized his decision in a handwritten note dated March 10, 1994. It is clear that Doug Ramsey knew about Medina's complaint to the TCHR because he sent a response to Medina's complaint to the TCHR dated January 5, 1994. This evidence is sufficient to demonstrate that Doug Ramsey's knowledge of the complaint and that the two were not wholly unrelated. Therefore, Medina has met the "causal link" element of his prima facie case.

The burden of production now shifts to Ramsey Steel to articulate a legitimate, nondiscriminatory reason for its termination of Medina. *See Long*, 88 F.3d at 305. This burden is satisfied by introducing evidence which, if true, would permit

18

the trier-of-fact to conclude that the termination was nondiscriminatory.  *See id.*  Ramsey Steel asserts that Medina was terminated because of his poor work performance and supports this assertion with evidence of numerous instances of poor work performance as documented in Medina's personnel file.  Therefore, Ramsey Steel has satisfied its burden of articulating a legitimate, nondiscriminatory reason for terminating Medina.

Finally, Medina has the burden to adduce evidence that Ramsey Steel's proffered reason for his termination was merely a pretext for age discrimination.  *See Sherrod*, 132 F.3d at 1122.  To meet this burden, Medina must demonstrate that he would not have been terminated "but for" engaging in protected activity.  *See id.* at 1123.  While this portion of the analysis may seem identical to the "causal link" step in the prima facie case, the burden here is more stringent.  *See McMillan v. Rust Coll., Inc.*, 710 F.2d 1112, 1116-1117(5th Cir. 1983).  The plaintiff must reveal "a conflict in substantial evidence on the ultimate issue of retaliation in order to withstand a motion for summary judgment."  *Sherrod*, 132 F.3d at 1122.

In *Long v. Eastfield College*, the plaintiffs sued their employer for retaliatory discharge in violation of Title VII.  88 F.3d 300, 304(5th Cir. 1996).  One of the plaintiffs introduced evidence that her performance evaluations never fell below "exceeds" until after she complained to her employer about

19

another employee's harassing conduct. *See id.* at 308. She also introduced evidence that no other employee had been terminated for the reason her employer said she was terminated. *See id.* We held that such evidence was sufficient to raise a genuine issue of fact as to whether the employer retaliated against its employees for engaging in protected activity. *See id.* at 309.

Similarly, Medina offered evidence that his work evaluations changed dramatically after he began complaining about what he believed to be age discrimination. In June of 1993, Medina told fellow employees that the promotion of two younger employees over him constituted age discrimination. Up to that point, Medina had only one criticism in his personnel record in more than twenty years of work with the company. In the following few months, various officers of Ramsey Steel placed between eight and ten uncomplimentary memos in his file, and, on November 22, 1993, Doug Ramsey placed Medina on ninety days probation.

The record does not clearly indicate when Doug Ramsey and other Ramsey Steel officials learned of Medina's age discrimination complaints. However, it is clear that Doug Ramsey knew of Medina's formal complaint to the TCHR as of January 5, 1994 because he sent the TCHR a response on that date. After January 5, 1994, Ramsey Steel officials continued to place criticisms in Medina's file. Medina also offered evidence that he attended a meeting in which Ismael Legarreta, Ramsey Steel's

20

Assistant Vice-President and Medina's supervisor, said "I don't care if you have been with the company five years or fifty years. And I don't care if you sue me or take me to court.  It's going to be hard for you to collect."

Ramsey Steel vigorously disputes this evidence and the inferences Medina draws from it.  Nevertheless, there is a  "a conflict in substantial evidence on the ultimate issue of retaliation." *Sherrod*, 132 F.3d at 1122. Medina has raised a genuine issue of material fact as to whether Ramsey Steel unlawfully retaliated against him.   Therefore, summary judgment on Medina's unlawful retaliation claim was inappropriate.

IV.

The district court granted summary judgment against Medina on his claims against Doug Ramsey, one of his supervisors at the time of the alleged discriminatory acts.  Medina urges this court to hold Doug Ramsey individually liable for age discrimination. We decline to do so.

The Texas Labor Code authorizes suits to remedy age discrimination against "employers."  See TEX. LAB. CODE ANN. §§ 21.002, 21.051(8).  However, supervisors and managers are not considered employers under the Texas Labor Code and, therefore, are not individually liable for age discrimination.  *See Benavides v. Moore*, 848 S.W.2d 190, 198(Tex. App.–Corpus 1992, writ denied).  Similarly, the ADEA authorizes suits against

employers for age discrimination. *See* 29 U.S.C. § 623(a).
Likewise, the ADEA "provides no basis for individual liability
for supervisory employees." *Stults v. Conoco, Inc.*, 76 F.3d 651,
655(5th Cir. 1996). Therefore, summary judgment on Medina's
claims against Doug Ramsey was appropriate.

                                V.

    The district court denied Ramsey Steel's and Doug Ramsey's
motion for attorney's fees and costs. We review this decision
for an abuse of discretion. *See EEOC v. Tarrant Dist., Inc.*, 750
F.2d 1249, 1251(5th Cir. 1984). Ramsey Steel and Doug Ramsey
argue that they are entitled to attorney's fees and costs because
Medina's claims are frivolous and because he litigated his case
in bad faith. Having found that at least some of Medina's claims
are sufficient to survive summary judgment, it cannot be said
that his claims were frivolous or that he litigated in bad faith.
Therefore, we find no abuse of discretion in the district court's
decision to deny an award of attorney's fees and costs.

                           CONCLUSION

    The district court did not err by denying Medina's motion to
remand to state court because his cause of action included a
claim for damages available only under federal law. The district
court did not err by granting summary judgment in favor of Doug
Ramsey because he is not an employer under the Texas Labor Code
or under the ADEA. However, genuine issues of material fact

                               22

exist as to whether Ramsey Steel discriminated against Medina because of his age and whether Ramsey Steel terminated him in retaliation for engaging in protected activity. Since Medina's claim was not frivolous or brought in bad faith, the district court did not abuse its discretion by denying Ramsey Steel's and Doug Ramsey's motion for attorney's fees and costs. Accordingly, we AFFIRM IN PART, REVERSE IN PART, and REMAND for further proceedings consistent with this opinion.