IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-50207

Summary Calendar

---

SUSAN LOPEZ,

Plaintiff-Appellant,

versus

MANOR CARE WINDCREST NURSING HOME, FOUR SEASONS NURSING CENTERS, INC., doind business as Manorcare Health Services of Texas, Inc., doing business as Manorcare Health Services; MANORCARE HEALTH SERVICES OF TEXAS, INC.

Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Texas
(SA-99-CV-769)

---

August 23, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Susan Lopez appeals the granting of summary judgment in favor of defendants Four Seasons Nursing Centers, Inc., ManorCare Health Services, ManorCare Health Services, Inc., and ManorCare Health Services of Texas, Inc. (collectively "ManorCare"). Lopez brought suit alleging an adverse employment action in retaliation for

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

making an employment discrimination complaint against a supervisor.[1] While the magistrate judge and district court erred in their treatment of Lopez's prima facie case, we find that Lopez has failed to satisfy her burden of producing evidence that ManorCare's legitimate, nondiscriminatory motive for terminating her was pretextual. Thus any error is harmless, and we affirm.

I

Lopez was employed by ManorCare Health Services of Texas, Inc. as a licensed vocational nurse/charge nurse at ManorCare's Windcrest facility in San Antonio, Texas. The employment was at-will. From June 1997 to June 1998, Lopez was written up for five disciplinary offenses, of varying degrees of severity.

After the third such incident in October 1997, Lopez filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming discrimination on the basis of national origin and gender.[2] Lopez also alleges that Clarence Conner, one of her night shift supervisors, told Lopez that the Director of Nursing, Connie Stigen (Lopez's supervisor), would seek to retaliate against Lopez for filing the complaint. Stigen issued Lopez one final written warning after the filing of the EEOC complaint in January 1998.

---

[1] *See* 42 U.S.C. § 2000e *et seq.*

[2] Lopez is Eurasian. Since she does not appeal the granting of summary judgment to defendants on her national origin and gender discrimination claims, those issues are not before us.

2

The final incident, which lead ultimately to Lopez's termination, occurred in June 1998. Lopez failed to follow procedures relating to a diabetic patient and administered medication that had not been prescribed by the patient's physician. Lopez was immediately suspended on June 8, 1998. Dawn Aparicio, the Acting Director of Nursing,[3] terminated Lopez on June 12, 1998, after reviewing this last incident and Lopez's prior disciplinary history. ManorCare presented evidence that Aparicio had no knowledge of the EEOC claim when Lopez was terminated.

## II

Lopez contends that the district court erred in concluding that she had failed to create a genuine issue of fact regarding causation in establishing her prima facie case of discrimination. Ordinarily we review a district court's grant of summary judgment *de novo*.[4] However in this case, Lopez raises arguments on appeal arising out the magistrate judge's application of law that were not objected to in the district court. As a result, ManorCare argues that the standard of review for these arguments is plain error.[5]

---

[3] Aparicio was Acting Director of Nursing because Stigen was on vacation.

[4] *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996).

[5] *Douglass v United Services Auto. Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996) (en banc).

However, the district court reviewed the entire recommendation *de novo* and consequentially our review is *de novo*.[6]

To survive summary judgment, the plaintiff must create a genuine issue of fact as to whether the defendant intentionally discriminated against the plaintiff. We follow the burden-shifting approach to summary judgment created by *McDonnell Douglas Corp. v. Green*,[7] which this court has applied to employment retaliation cases.[8]

Lopez must first establish her prima facie case. She must show (1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action.[9] The only element of the prima facie case that ManorCare argues Lopez has failed to establish is causation.[10]

The magistrate judge agreed with ManorCare that Lopez has failed to create a genuine issue of material fact with respect to the causal link requirement of her prima facie case. In this case, the decision to terminate Lopez was made by Aparicio, not Stigen.

---

[6] *Meister v. Texas Adjutant General's Dept.*, 233 F.3d 332, 336 (5th Cir. 2001).

[7] 411 U.S. 792 (1973).

[8] *See Long*, 88 F.3d at 304.

[9] *Id.*

[10] We do not address the merits of any other element of Lopez's claim, but assume that she has established the other elements of her prima facie case.

4

However, the magistrate judge erroneously applied a "but for" causation test. The standard in prima facie Title VII retaliation cases is less stringent.[11] A causal link is established when the evidence demonstrates that "the employer's decision to terminate was based in part on knowledge of the employee's protected activity."[12] This Court has held that evidence of a causal link is sufficient if the employee making the termination decision had knowledge of the complaint.[13] We now turn to the question of whether Lopez has fulfilled this requirement.

As all parties note Stigen herself did not make the termination decision, Aparicio did. ManorCare has produced evidence that Aparicio acted without knowledge of the EEOC complaint and Lopez has not rebutted this evidence. By all accounts, however, Aparicio acted on the basis of both the final incident and Lopez's prior disciplinary history. Lopez's prior disciplinary history includes the final written warning issued by Stigen in January 1998,[14] after Lopez had filed her EEOC complaint. The degree to which Aparicio acted independently in investigating

---

[11] See, for example, *Sherrod v American Airlines, Inc.*, 132 F.3d 1112, 1120 n. 8 (5th Cir. 1998), citing *Long*, 88 F.3d at 305 n. 4 ("The standard for establishing the 'causal link' element of the plaintiff's prima facie case is much less stringent [than the 'but for' test]).

[12] *Sherrod*, 132 F.3d at 1122.

[13] *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001).

[14] The record is not clear on whether Stigen knew of the EEOC complaint in January 1998. Neither party addresses this issue, but we will proceed assuming that Stigen knew of the complaint at that time.

the prior disciplinary history is a question of fact yet to be resolved. Therefore viewing the evidence in the light most favorable to Lopez we must assume that Aparicio did not conduct such an independent inquiry,[15] and therefore Lopez has demonstrated a sufficient causal link between her EEOC complaint and her termination to survive summary judgment as to her prima facie case.


## III

The burden of production now shifts to ManorCare to articulate a legitimate, nondiscriminatory reason for terminating Lopez. This burden is satisfied by ManorCare's production of evidence of Lopez's prior disciplinary history. At this stage Lopez bears the burden of providing evidence of "but for" causation. She may fulfill this burden indirectly by showing that the legitimate, nonretaliatory justification offered by the defendant for her termination is pretextual.[16] Lopez must present "a conflict in substantial evidence on the ultimate issue of retaliation in order to withstand a motion for summary judgment."[17] The magistrate judge and district court found that even if Lopez had satisfied the requirements for a prima facie case, she did not produce evidence to withstand summary judgment here. We agree.

---

[15] See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[16] *Evans v. Houston*, 246 F.3d 344, 355 (5th Cir. 2001).

[17] *Sherrod*, 132 F.3d at 1122.

6

The only evidence offered by Lopez to satisfy her burden consists of her own affidavit stating that Conner told her that Stigen would seek to retaliate for the filing of the EEOC complaint. This evidence is hearsay. Assuming that Conner made the statement, it did not concern a matter within the scope of her employment.[18] Fed. R. Evid. 801(d)(2)(D). Lopez's other arguments supporting the admissibility of the evidence are unpersuasive. We agree with the magistrate and district court that this evidence constitutes hearsay not within any exception and is therefore inadmissible. For this reason the district judge also correctly refused to consider Conner's statements as direct evidence of retaliatory intent.

IV

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[18] See *Staheli v Univ. of Mississippi*, 854 F.2d 121, 126 (5th. Cir. 1988).