IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20549
Summary Calendar

_____

HELEN G. MURRAY,

Plaintiff-Appellant,

versus

EXXON MOBIL CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
USDC No.  H-01-CV-599

_____

September 30, 2002

Before JOLLY, EMILIO M.  GARZA, and PARKER, Circuit Judges.

PER CURIAM:*

Plaintiff Helen Murray appeals the district court's grant of
summary judgment to the defendant, ExxonMobil.  Murray asserted a
federal civil rights claim under 42 U.S.C. § 1981, as well as state
law promissory estoppel, *quantum meruit*, and intentional infliction
of emotional distress claims against the defendant.  She argues
that she, the only African American in her division, was
discriminated against when ExxonMobil offered her employment that
required relocation from Houston, TX to Fairfax, VA.  She maintains

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the offer was not made in good faith but was intended to deprive her of severance benefits by "forcing" her to retire. An at-will employee with Exxon since 1975, Murray voluntarily retired after turning down the position. At retirement, Murray was 56 years old and was earning $92,700 per year. Murray has not sought employment since she retired.

In February 2001 she filed this lawsuit alleging three causes of action. First, a civil rights claim under 42 U.S.C. § 1981, in which she alleged that ExxonMobil "compelled her" to retire early in violation of her right to enter into and enforce contracts on the same terms as white people. She contends the company offered her employment in Virginia knowing she would not accept it, with the intent of forcing her to resign without severance plan benefits. Her promissory estoppel and *quantum meruit* claims asserted she relied on an alleged promise that Exxon would not transfer her out of Houston. Her emotional distress claim alleged ExxonMobil's actions have caused her to experience "wounded pride, shame, despair, and utter devastation."[**]

I

This court reviews grants of summary judgment de novo. <u>Pratt v. City of Houston</u>, 247 F.3d 601, 605-606 (5th Cir. 2001). Summary judgment is properly granted when the evidence, viewed in the light

---

[**]Complaint, at 3. Murray does not renew or address any claims other than her § 1981 claim on appeal.

2

most favorable to the non-movant, reflects no genuine issue of material fact.  Rubinstein v. Administrators of the Tulane Educational Fund, 218 F.3d 392, 399 (5th Cir. 2000).  After a review of the record before us, we conclude that we must agree with the lower court and affirm the grant of summary judgment.

II

We are aided by the district court's carefully considered and thorough summary judgment order, entered on April 30, 2002.  After reviewing the applicable legal standards for summary judgment in a case of racial discrimination under § 1981, and the record evidence, the district court granted defendant's motion for summary judgment.  Under the burden-shifting standard for race discrimination claims, a plaintiff must make a prima facie showing that her employer intentionally discriminated against her on the basis of race.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973); Pratt v. City of Houston, 247 F.3d 601, 606 n.1. (5th Cir. 2001).

The district court assumed, *arguendo*, that Murray had established a prima facie case.  Accordingly, the burden shifted to ExxonMobil to articulate a legitimate non-discriminatory rationale for its decision.  The district court concluded that the defendant had borne its burden: after the merger, a position comparable to Murray's was to be created for the merged entity at the new corporate headquarters, and she was qualified to fill it.

3

Murray attempted to demonstrate why the proffered rationale was pretextual. We find the district court was clearly correct in concluding that the reasons offered were insufficient to meet her summary judgment burden. See Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 680 (5th Cir. 2001). ExxonMobil presented uncontradicted evidence that her assignment to Fairfax was consistent with the merged company's business plan. Furthermore, numerous co-workers in her department were offered jobs which required relocation. Murray offered no evidence of racial animus or of disparate treatment based on race. In view of the circumstances surrounding the post-merger reorganization of ExxonMobil, her unsubstantiated assertions that ExxonMobil's proffered rationale is a pretext for racial discrimination must fail. Because the plaintiff is unable to demonstrate a genuine issue of material fact about whether the defendant's proffered reason is a pretext for racial discrimination, summary judgment was warranted.

III

Accordingly, the decision of the district court is

AFFIRMED.