United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11392
Summary Calendar

JOE A. CHAMBERS; LAURIE CHAMBERS,

Plaintiffs-Appellants,

versus

RAINES ELECTRIC LP,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-cv-1231
--------------------

Before KING, DAVIS and OWEN, Circuit Judges.

PER CURIAM: *

Joe and Laura Chambers appeal the judgment of the district court dismissing their ERISA claim on the defendant's motion for summary judgment. We affirm.

I.

The Chambers were employed by defendant Raines Electric LP for several years. Joe Chambers injured his back several times during the term of his employment, most recently in May 2002. Mr. Chambers was scheduled for back surgery on June 14, 2002. On June 7, 2002, the Chambers were terminated. Although the message

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was delivered by the Chambers' immediate supervisor, Steven Beader, the decision to terminate was made by Dan Shine, the project manager of the site on which Chambers was working, and Steve Lawhorn, Raines' human resources, safety manager.

On Raines' motion for summary judgment, the district court found that the Chambers did not carry their burden of proving a prima facie case of ERISA discrimination and granted the motion. The Chambers appeal.

## II.

The Chambers allege that their dismissal was motivated by their employers' desire to avoid providing insurance coverage for Joe Chambers' surgery. In order to establish a prima facie case of discrimination under ERISA, a plaintiff must establish "(1) prohibited (adverse) employer action (2) taken for the purpose of interfering with the attainment of (3) any right to which the employee is entitled." Bodine v. Employers Cas. Co., 352 F.3d 245, 250 (5th Cir. 2003). In order to establish causation in a retaliation case, the employee must demonstrate that the employer knew about the employee's protected activity. Manning v. Chevron Chem. Co., LLC, 332 F.3d 874, 883 (5th Cir. 2003); Chaney v. New Orleans Public Facility Mgm't, 179 F.3d 164, 169 (5th Cir. 1999); Medina v. Ramsay Steel Co., 238 F.3d 674, 684 (5th Cir. 2001). The summary judgment evidence in this case is undisputed that Shine and Lawhorn, the parties who made the decision to terminate, were unaware of Joe Chambers' injury and planned

surgery when they decided to terminate Chambers and his wife. The temporal proximity of the Chambers' termination to Mr. Chambers' planned surgery cannot overcome the lack of knowledge on the part of the decision makers that necessarily defeats the Chambers' prima facie case. <u>Clark County School District v. Breeden</u>, 532 U.S. 268, 271-74 (2001).

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.