# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2016

Lyle W. Cayce
Clerk

PHILLIP DAVID HASKETT,

                                Plaintiff–Appellant,

v.

CINCO ENERGY MANAGEMENT GROUP, doing business as Cinco Energy Services; UNKNOWN FORMER EMPLOYEE OF CINCO ENERGY MANAGEMENT GROUP #1; UNKNOWN CLIENTS OF CINCO #1 - #9; JOHN DOUGHS #1 - #9; CINCO ENERGY MANAGEMENT SERVICES, doing business as Cinco Energy Services,

                                Defendants–Appellees.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-280

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Phillip David Haskett appeals the dismissal of his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  He has waived review of the dismissal of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims for a declaratory judgment, intentional interference with employment opportunities, and respondeat superior by failing to challenge their dismissal on appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). This portion of the district court's judgment is affirmed.

The district court erred in dismissing the claim for failure to hire under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq. See Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013). Haskett alleged facts that would state a prima facie case of age discrimination: (1) he was over forty and belonged to the protected class, (2) he applied for positions for which he was qualified, (3) he was not hired, and (4) after failing to hire him, Cinco hired other individuals not part of the protected class. *See Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680-81 (5th Cir. 2001) (addressing a failure to promote claim). Haskett's allegation that sixty-five percent of Cinco employees were under the age of forty, standing alone, would be insufficient to demonstrate the fourth element of his prima facie case. *See, e.g.*, *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 523 (5th Cir. 2008). But he also alleged that Cinco admitted to a third party that it filled the positions Haskett applied for with individuals under the age of forty.

Haskett's allegations, liberally construed, plausibly permit the reasonable inferences that he applied for landmen positions for which he was qualified, younger persons were hired to fill these positions, and Cinco did not hire him because of his age. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This portion of the district court's judgment is vacated. Whether the district court abused its discretion by failing to grant Haskett leave to file a second amended complaint is moot in light of this conclusion. *See Pub. Emps.' Ret. Sys. of Miss., v. Amedisys, Inc.*, 769 F.3d 313, 326 (5th Cir. 2014). Finally,

No. 15-41150

Haskett's motion to strike is denied; we have not relied on the disputed pleading.

AFFIRMED in part; VACATED in part; and REMANDED for further proceedings consistent with this opinion.  Motion DENIED.