# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2020

Lyle W. Cayce
Clerk

No. 19-20386

JOSEPH M. HAUSER,

 Plaintiff - Appellant

v.

SCHNEIDER ELECTRIC SYSTEMS USA, INCORPORATED,

 Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3223

Before STEWART, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

 Schneider Electric Systems fired Martin Hauser following months of customer complaints. Hauser brought this suit, alleging age discrimination under state and federal law. The district court granted summary judgment against Hauser. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20386

I.

Hauser was a project manager from 2010 until his termination in 2017. In this role, Hauser supervised engineering projects related to safety systems and industrial process controls; he also managed customer relationships. Around 2016, when Hauser was 62 years old, his supervisor James Austin began inquiring about Hauser's retirement plans. Hauser said he had no plans to retire.

In early 2017, customers began reporting problems with Hauser's performance. Two customers complained to James Weber, a client sales executive, about Hauser's delaying and poorly executing projects. One of those customers told Weber they planned to not work with Schneider in the future. A third customer threatened to pull their business after seeing an email in which Hauser described the customer's invoicing as "chicanery." Austin verbally warned Hauser about his unprofessional communications, but his performance did not improve. Soon after the warning, a customer complained a second time that Hauser failed to keep projects on schedule.

Because of his recurring performance failures, Austin placed Hauser on a formal performance improvement plan in mid-2017. The plan described three areas that Hauser needed to improve: professional communication, job planning and documentation, and data entry into the "stage gate variable" tool, which the company used to update customers on project status and financials.

The performance improvement plan didn't work. A month later, yet another customer complained that Hauser was unprofessional and would not return his calls. Hauser asked to meet with Belinda Bradberry, a human resources official, but he was unwilling to travel to see her and failed to return her calls. To top it off, Hauser issued a large change order, charging a customer

2

No. 19-20386

$460,000, without following company policy requiring customer and supervisor approval beforehand.

Following these continued missteps, Bradberry and Austin fired Hauser. Schneider transferred some of Hauser's projects to Gene Horn. Horn, who is older than Hauser, came out of retirement to work as an independent contractor prior to Hauser's discharge, but became a full-time employee sometime after Schneider fired Hauser. Hauser's position remained vacant until 2018 when Schneider hired Chris Dalton, who was younger than Hauser, to fill the role. None of Hauser's projects were transferred to Dalton.

About two weeks before he was fired, Hauser had filed a discrimination charge with the EEOC. Although a Schneider in-house lawyer was served with the filing just a few days later, Bradberry and Austin say they did not learn about the EEOC charge until two months after they fired Hauser.

Hauser sued Schneider for age discrimination and retaliation under the Age Discrimination in Employment Act and the Texas Commission on Human Rights Act. *See* 29 U.S.C. § 623(a)(1); TEX. LAB. CODE ANN. § 21.051(1). The district court dismissed both claims at summary judgment. Hauser now appeals both grants of summary judgment.[1]

---

[1] Hauser also appeals the district court's denial of his motion to strike Weber's declaration. We review evidentiary decisions for abuse of discretion. Hauser asserts that Weber's statements lacked personal knowledge, contained conclusory statements, and constituted hearsay and improper expert opinion. However, Weber possessed personal knowledge of the project manager role because he held the position for eight years. Testimony about consumer complaints is not hearsay because they are offered to demonstrate how they influenced Weber's state of mind regarding Hauser's performance. *See* FED. R. EVID. 801(c)(2). Additionally, as a client sales executive, Weber was able to estimate the company's profits. The district court did not abuse its discretion. To the extent that Hauser also asks us to strike Bradberry's and Austin's declarations, he forfeited his arguments in support by not raising them before the district court below. *See Lofton v. McNeil Consumer & Specialty Pharm.*, 672 F.3d 372, 380–81 (5th Cir. 2012). The preservation requirement is especially important for evidentiary challenges at summary judgment, because a party may be able to fix any problems if they are timely raised. *See Maurer v. Independence Town*, 870

No. 19-20386

II.

We review the district court's summary judgment rulings *de novo*, viewing all evidence "in favor of the nonmoving party." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002) (citing *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000)). We will affirm only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

A.

Both state and federal law prohibit employers from terminating or otherwise discriminating against an employee (or a prospective employee) because of age. 29 U.S.C. § 623(a)(1); TEX. LAB. CODE ANN. § 21.051(1). A plaintiff may provide either direct or indirect evidence of discrimination. As is typical, Hauser tries the circumstantial route. Under the *McDonnell Douglas* burden-shifting framework:

> a plaintiff must first establish a prima facie case of age discrimination by showing that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.

*Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (quoting *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005)). If the plaintiff makes out the prima facie case, the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for the discharge. *Id.* If the

---

F.3d 380, 384–85 (5th Cir. 2017) (explaining how a party usually has the opportunity to cure when a challenge is raised to its summary judgment evidence).

4

defendant can do so, the burden shifts back to the plaintiff to demonstrate that the reason is pretextual. *Id.*

The parties agree that Hauser established the first three elements of the prima facie case. The district court concluded he could not establish the final requirement because it concluded that an older employee, Horn, took over Hauser's job even though a younger worker, Dalton, eventually filled Hauser's official position. Hauser's brief focuses on this issue, arguing that there is at least a fact issue on the question because a company document says Dalton filled Hauser's position.

But we can assume that Hauser established a prima facie case. His problem is there is no genuine dispute at the final stage of *McDonnell Douglas*, which asks the ultimate question of causation. *See Reeves*, 530 U.S.142–43. We can affirm on that alternative ground raised below and urged here by Schneider. *See Salas v. Gallego*s, 59 F.3d 1242, 1995 WL 413073, at \*2–3 (5th Cir. 1995) (unpublished table decision) (disagreeing with district court's ruling that plaintiff could not make out prima facie case but affirming because plaintiff could not show that company's legitimate reason for the firing was pretextual).[2]

Schneider fired Hauser for the classic nondiscriminatory reason of poor performance. Beginning in January, four different customers and at least one of Hauser's colleagues complained about Hauser. His performance continued to fall below expectations, despite feedback through informal conversations with his supervisor, the performance improvement plan, and performance review meetings. His repeated failure to input data distressed a colleague in one instance and probably lost business in another. The final straw was when

---

[2] Unpublished decisions issued before 1996 are binding precedent. 5TH CIR. R. 47.5.3.

Hauser authorized a change order for a customer for $460,000 in violation of company policy.

There is no evidence that these nondiscriminatory reasons are pretextual.[3] We recognized in another pretext case that a jury could conclude that a store manager's spending $10 more than authorized on pizza for employees was not a credible justification for her termination. *Laxton v. Gap Inc.* 333 F.3d 572, 580–82 (5th Cir. 2003). But $200,000 is not pizza money. That is roughly how much the change order exceeded the authorized amount of $250,000. And the change order was just one of many problems with Hauser's performance. Given customers' numerous complaints over a sustained period of time and the chances the company gave Hauser to improve, there is no evidence that would allow a jury to disbelieve Schneider's explanation.

Summary judgment was appropriate on the age discrimination claim.

## B.

Hauser also appeals the district court's grant of summary judgment on his retaliation claim. To establish a prima facie case of retaliation, a plaintiff must show that: "1) he engaged in protected activity, 2) he suffered an adverse employment decision, and 3) a causal link exists between the protected activity and the adverse employment decision." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001). A minimum requirement of causation is that the

---

[3] On the ultimate question of causation, the ADEA and the TCHRA diverge a bit. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 440 (5th Cir. 2012). "Under the ADEA, the employee must 'prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'" *Squyres v. Heico Cos., LLC.*, 782 F.3d 224, 231 (quoting *Reeves*, 530 U.S. at 143). The TCHRA provides a more relaxed standard, as a plaintiff can show pretext by establishing that "either (1) the reason stated by the employer was a pretext for discrimination, or (2) the defendant's reason, while true, was only one reason for its conduct and discrimination is another motivating factor." *Reed,* 701 F.3d at 439–40 (quoting *Michael v. City of Dallas*, 314 S.W.3d 687, 691 (Tex. App.—Dallas 2010, no pet.)). Hauser's claim fails under either approach.

"employer knew about the employee's protected activity." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 883 (5th Cir. 2003). And for that, "we have consistently required proof of 'actual' decisionmaker knowledge." *Robinson v. Jackson State Univ.*, 714 F. App'x 354, 360 (5th Cir. 2017) (per curiam). Constructive notice including "general corporate knowledge" is insufficient. *Id.* (citing *Corley v. Jackson Police Dep't,* 639 F.2d 1296, 1300 n.6 (5th Cir. Unit A Mar. 1981)).

There is no evidence that Austin and Bradberry knew about the EEOC charge when they fired Hauser. Hauser argues that because a legal assistant for the company acknowledged receipt of the notice two weeks prior to Hauser's termination and Austin primarily worked out of the same office, a jury could conclude that Austin knew of Hauser's protected status. But that is akin to the "should have known" requirement that we have repeatedly rejected. Hauser's retaliation claim also fails.

\* \* \*

The judgment of the district court is AFFIRMED.