IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 02-40220

Summary Calendar

———————

JANIS MULLINAX,

Plaintiff-Appellant,

versus

TEXARKANA INDEPENDENT SCHOOL DISTRICT; ET AL.,

Defendants.

TEXARKANA INDEPENDENT SCHOOL DISTRICT; LARRY SULLIVAN, DR., Superintendent, Texarkana Independent School District,

Defendants-Appellees.

———————

Appeal from the United States District Court
for the Eastern District of Texas
(5:99-CV-190)

———————

September 12, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant, a school teacher, alleges that appellees school board and superintendent fired her

in retaliation for exercising her First Amendment rights. The district court found that appellant failed

———————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to meet her summary judgment burden to show a triable issue of fact as to whether the allegedly protected activities motivated the school board's decision to fire her. We agree and affirm.

## I.  FACTS[1] AND PROCEEDINGS

Appellant Janis Mullinax taught physical education and served as the dance team faculty sponsor at a public elementary school in Texarkana, Texas. In 1998 and early 1999, she complained to school officials about various school policies and occurrences.[2] On March 12, 1999, a unanimous school board renewed her employment contract based upon the recommendation of Texarkana Independent School District ("TISD") superintendent Dr. Larry Sullivan.

Mullinax complained to a local newspaper April 20, 1999 about the school's policy banning Christian music in school dance club routines. On April 22, Mullinax led a group of third-grade students on a nature hike, during which she offered the students a wild plant called sour weed to eat. Although Mullinax maintains that sour weed is safe, some students had adverse reactions and were sent to the school nurse. The next day Mullinax was informed she would be suspended without pay.

Under the procedure established by Texas law, *see* TEX. EDUC. CODE § 21.211 *et seq.,* the School District Board of Trustees (the "Board") accepted Dr. Sullivan's recommendation, at the Board's May 17 meeting, that Mullinax be fired. Mullinax invoked her right to appeal the Board's decision to a hearing examiner, *see* § 21.251, who would make findings of fact and recommend either termination or reinstatement to the Board. *See* § 21.257. Both sides appeared at the hearing

---

[1]The presentation of facts is similar to a prior appeal in this same matter, and portions are substantially the same. *See Mullinax v. Texarkana Ind. School Dist.*, No. 00-41061 (5th Cir. Apr. 2, 2001) (unpublished).

[2]Mullinax complained about, among other things, inadequate nursing care in the school, and the school's policy of permitting teacher's aids to supervise classes without the presence of a fully-certified teacher.

represented by counsel and interviewed several witnesses June 21 and 22. The transcript of the testimony indicates that Mullinax felt that her provisional termination was motivated, at least in part, by her protected activities. The hearing examiner's July 2 report, however, makes no mention of the alleged retaliation; it concludes only that the sour weed incident constituted "good cause" to terminate Mullinax. *See* § 21.211 (A school board may fire teachers only for "good cause" or "financial exigency.").

At the Board's July 20 meeting, Board members heard a brief oral argument from Mullinax's attorney, and reviewed the hearing examiner's report. They did not review the transcript of witness testimony. The Board agreed with the recommendation and terminated Mullinax.

Mullinax chose not to appeal the decision to the Texas Commissioner of Education, *see* § 21.301, and instead filed a federal lawsuit alleging that the Board and Dr. Sullivan illegally retaliated against her in violation of 42 U.S.C. § 1983, Texas' Whistleblower Act, TEX. GOV'T CODE § 554.001 *et seq.,* and the right to grieve, § 617.005. The district court concluded that the hearing examiner's finding that the Board had good cause to terminate Mullinax precluded her from relitigating the issue of retaliatory discharge. In a prior appeal, this Court agreed that the hearing examiner's findings were entitled to preclusive effect but reversed as to the § 1983 and Whistleblower Act claims. *See Mullinax v. Texarkana Ind. School Dist.*, No. 00-41061 (5th Cir. Apr. 2, 2001) (unpublished) (hereinafter *Mullinax I*). Those claims only require Mullinax to show that her protected activity was a "substantial" or "motivating" factor in the decision to fire her, *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977) (§ 1983); *Texas Dep't of Human Services v. Hinds*, 904 S.W.2d 629, 636 (Tex. 1995) (Whistleblower Act), but the hearing examiner's report did not rule out the possibility that retaliation motivated the decision to terminate Mullinax. The report found only

3

that "one, legitimate, motivating factor in Mullinax's termination was her conduct in the sour weed incident." *See Mullinax I* at 7.

On December 29, 2001, the district court again granted defendants summary judgment on the § 1983 and Whistleblower Act claims. It found that Mullinax had failed to raise a triable issue of fact as to whether Dr. Sullivan's allegedly unconstitutional motives caused Mullinax's termination, or that his motives could be imputed to the Board under the "rubber stamp" exception. The decision was based largely on *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595 (5th Cir. 2001), which was decided after *Mullinax I.* We agree that *Beattie* controls and that summary judgment was proper.

## II. STANDARD OF REVIEW

We review the district court's summary judgment determination *de novo*, applying the same standard as the district court. *See Medine v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). Summary judgement is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56(c). We must view all evidence and all factual inferences in the light most favorable to Mullinax, the party opposing the motion. *Id*. If she is unable to prove that there is at least a genuine issue of fact with respect to a material fact which she would have to prove at trial to prevail, the motion must be granted. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. ANALYSIS

A. First Amendment Retaliation

Mullinax must prove four elements to prevail on her First Amendment retaliation claim: (1) that she suffered an "adverse employment action"; (2) that her speech "involve[d] a matter of public concern"; (3) that her "interest in commenting on matters of public concern... outweigh[ed]

4

Defendant's interest in promoting efficiency; and (4) that her speech "motivated the Defendant's action." *Harris v. Victoria Ind. School Dist.*, 168 F.3d 216, 220 (5th Cir. 1999). Even if Mullinax proves all four elements, the Board can prevail if it can show by a preponderance of the evidence that it would have reached the same decision absent the protected conduct. *See Mt. Healthy*, 429 U.S. at 287.

The facts of this case are remarkably similar to the facts of *Beattie v. Madison County School Dist.*, 254 F.3d 595 (5th Cir. 2001). A Madison County, Mississippi school board fired Joy Beattie, secretary to middle school principal Ken Acton, based upon the recommendation of Acton and school superintendent Maria Jones. *Id*. at 600. Beattie alleged that Acton and Jones were motivated, in violation of § 1983, by Beattie's support for an opposition candidate for superintendent. *Id*. at 599. We held that "[b]ecause the board oversaw the precise action in question," not Acton or Jones, "neither the board nor the school district is liable for their actions unless their allegedly improper motives can be imputed to the board." *Id*. at 603. Finding that the board "had no actual knowledge of [Beattie's] campaign activities," we held the board, and therefore the school district, not liable. *Id*. at 604. We also held that even if the board had fired Beattie for retaliatory reasons, uncontroverted affidavits showing that "it would have terminated her for other reasons"—that "she was rude to parents, students and teachers" — furnished independent grounds for affirming summary judgment. *Id*. at 604. Finally, we held Acton and Jones not liable: "If Acton and Jones did not cause the adverse employment action, they cannot be liable under § 1983, no matter how unconstitutional their motives." *Id*. at 605.

In this case, Mullinax has put forth no evidence that the Board was aware of her protected activities, except her lawyer's unexplained and isolated comment to the Board that the real reason

for her termination was retaliation in violation of the First Amendment. She concedes that the Board did not review the hearing transcripts. The existence of the independent hearing examiner's report, a fact not present in *Beattie*, further attenuates the link connecting the protected activity and the adverse employment decision. We conclude that no reasonable juror could conclude that the board had unconstitutional motives. Accordingly, Mullinax can only prevail against the Board if Dr. Sullivan's "allegedly improper motives can be imputed to the board." *Beattie*, 254 F.3d at 603.

Mullinax contends that Dr. Sullivan's motives can be imputed to the board under the "rubber stamp" exception: "If the employee can demonstrate that others had influence or leverage over the official decisionmaker... it is proper to impute their discriminatory attitudes to the formal decisionmaker." *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226 (5th Cir. 2000). In *Russell*, plaintiff's co-worker, the CEO's son, threatened to quit if plaintiff's immediate boss did not fire plaintiff. *Id*. at 228. Fearing for her own job, plaintiff's boss fired her. *Id*. We held that the co-worker's age discriminatory motive could be imputed to the company, even though the co-worker did not formally fire plaintiff. *Id*. Mullinax has not raised an issue of fact as to whether the Board "rubber-stamped" Dr. Sullivan's recommendation because there is no evidence that Dr. Sullivan controlled the Board. Rather, all the evidence suggests that the Board fired Mullinax based only upon the hearing examiner's report of the sour weed incident.

Dr. Sullivan cannot be held liable because he did not cause the adverse employment action. *Beattie*, 254 F.3d at 605.

B. Texas Whistleblower Act

The Texas Whistleblower Act prevents government employers from suspending or terminating "a public employee who in good faith reports a violation of law by the employing governmental entity

6

or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE § 554.002. Read literally, the statute appears to have no causation requirement, but the Texas Supreme Court has held that "the employee's protected conduct must be such that, without it, the employer's prohibited conduct would not have occurred when it did." *Texas Dep't of Human Services v. Hinds*, 904 S.W.2d 629, 636 (Tex. 1995). The employee generally bears the burden of proof of causation, but if the report is within 90 days of the adverse employment action, the adverse action "is presumed, subject to rebuttal, to be because the employee made the report." § 554.004.

The only alleged violation of law that Mullinax reported was a February 22, 1999 grievance, in which she contended that the school was violating a Texas administrative rule requiring teacher's aides to perform "under the direction and supervision of a certified teacher." 19 TEX. ADMIN. CODE § 230.560. She was suspended within 90 days of that report, but Mullinax fails to mention in her brief to this Court the §554.004 statutory presumption in her favor. We conclude that the existence of the presumption would not rescue her case, in any event. The presumption is "subject to rebuttal," §554.004, and defendant's have sufficiently rebutted the presumption to entitle them to summary judgment. As explained above, the undisputed evidence shows that the Board's only motivation for terminating Mullinax was the sour weed incident.

## IV. CONCLUSION

Because plaintiff has failed to raise a genuine issue of material fact suggesting that defendants unlawfully retaliated against her, we affirm the judgment of the district court.