United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10935
Summary Calendar

_____

OLLIE DAILEY,

Plaintiff - Appellant,

versus

VOUGHT AIRCRAFT INDUSTRIES, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
District Court Cause No. 3:03-CV-1633-H
_____

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PRADO, Circuit Judge.[*]

Appellant Ollie Dailey sued appellee Vought Aircraft Industries (Vought) claiming that Vought denied him a supervisory position because of his race and in retaliation for his previous complaints about racial discrimination. For the following reasons, this court affirms the district court's summary judgment in favor of Vought.

---

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

1

## I. Factual Background

Dailey, a black male, works in Vought's "High Bay" machine shop as a machinist. Dailey has worked for Vought and its predecessor since 1984. In January 2000, four supervisory positions opened in the High Bay shop and in another one of Vought's machine shops known as Building 1. A group of interviewers interviewed each applicant and selected the four highest-ranked applicants for the supervisor positions. Dailey was ranked tenth out of twelve applicants and was not selected for one of the positions. Shortly thereafter, another supervisory position opened. Instead of conducting another interview process, Vought selected the next highest ranked interviewee from the previous interviews. Each of the five individuals selected for a supervisory position was a white male.

After the selection process for January 2000 was completed, Dailey complained that the interview process was unfair because not all candidates were interviewed by all of the interviewers. Vought agreed that the selection process was not optimal, and when another supervisory position opened in September of 2000, Vought returned to the old process whereby each applicant was interviewed by a single interviewer. Dailey, along with eight other applicants, applied for the supervisory position. Vought ranked Dailey fifth out of the eight applicants. Dailey was not selected; a Hispanic applicant was selected.

On October 18, 2000, Dailey filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging racial discrimination and retaliation for both the January 2000 and September 2000 promotion decisions. The EEOC issued Dailey a "right to sue" letter on April 28, 2003. Dailey brought suit in the Northern District of Texas on July 18, 2003.

Vought moved for summary judgment and asserted that Dailey was not selected because the other candidates were better qualified and received better scores in the interviews. Dailey claimed that Vought's asserted reason for not promoting him was a pretext for racial discrimination and retaliation. The district court granted summary judgment on both claims in favor of Vought. Dailey appealed.

## II. Standard of Review

This court reviews a grant of summary judgment de novo.[1] Summary judgment is proper if the movant can demonstrate that there is no genuine issue of material fact and he is entitled to judgment as a matter of law.[2] In deciding whether a fact question exists, the court must view the facts and reasonable

---

[1] *See Flock v. Scripto-Tokai Corp.*, 319 F.3d 231, 236 (5th Cir. 2003).

[2] *See* FED R. CIV. PROC. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

3

inferences in the light most favorable to the non-moving party.[3]
A genuine issue of material fact exists if the evidence is such
that a reasonable jury could return a verdict in favor of the
non-moving party.[4]

**III. Whether Summary Judgment Was Proper**

Dailey claims that Vought's decisions not to promote him to
a supervisory position in January 2000 and September 2000 were
based on racial discrimination and retaliation.  The district
court entered summary judgment on Dailey's racial discrimination
claims because it determined no fact question existed about
pretext.  The district court entered summary judgment on Dailey's
retaliation claims because it determined no fact question existed
about the causal connection between Dailey's past complaints and
Vought's promotion decisions.

**A. Dailey's Racial Discrimination Claim**

Title VII of the Civil Rights Act of 1964 makes it unlawful
for an employer to discriminate against an employee based on the
individual's race.[5]  In an employment discrimination case, this
court applies the burden-shifting framework articulated by the

---

[3]*See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502
(5th Cir. 2001).

[4]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
(1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475
U.S. 574, 587 (1986).

[5]*See* 42 U.S.C. § 2000e-2(a)(1).

Supreme Court in *McDonnell Douglas Corp. v. Green*.[6]  Under this framework, the plaintiff must first establish a prima facie case of discrimination.[7]  To meet this burden, the plaintiff must show: 1) he is a member of a protected class, 2) he was qualified for the job, 3) he suffered an adverse employment action, and 4) others outside the protected group were treated more favorably.[8]

If the plaintiff succeeds in making a prima facie case, the burden shifts to the defendant-employer to produce evidence of a legitimate, nondiscriminatory reason for the treatment of the plaintiff.[9]  If the employer offers a nondiscriminatory reason, the burden shifts back to the plaintiff to show that the employer's reason for the disparate treatment is merely a pretext for discrimination.[10]  To survive summary judgment, the plaintiff must provide evidence that raises a genuine issue of material fact about whether the employer's reason for the plaintiff's treatment is a pretext for discrimination.[11]

---

[6]411 U.S. 792, 802-04 (1973).

[7]*McDonnell Douglas Corp.*, 411 U.S. at 802.

[8]*See id*. at 802.

[9]*See Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000).

[10]*See Reeves*, 530 U.S. at 143; *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507-508 (1993).

[11]*See Nicols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996).

In this case, Dailey claims that Vought did not promote him to a supervisory position because he is black. The parties do not dispute that Dailey made a prima facie case of racial discrimination. The parties disagree, however, about whether Vought's reason for not promoting Dailey is a pretext for racial discrimination.

Vought maintains that it did not promote Dailey to a supervisory position because the other applicants were more qualified than Dailey. Vought's summary judgment evidence shows the following. For the January 2000 positions, Dailey was ranked tenth out of the twelve candidates who applied for the positions. Vought selected the four highest ranked individuals. When another supervisory position became available after the interview process, Vought offered the position to the next highest-ranked candidate. Dailey ranked fifth out of nine applicants during the September 2000 interview process. The interviewer selected an applicant with prior supervisory experience in the High Bay area and considered that experience to make the applicant the best qualified candidate.

This evidence established a nondiscriminatory reason for not promoting Dailey—the applicants selected for promotion were more qualified than Dailey and ranked higher during interviews. Thus, the burden shifted to Dailey to demonstrate a fact question about whether Vought's reason for not promoting him—that he was less qualified—was pretextual. Meeting this burden required Dailey to

demonstrate that he was clearly better qualified than the other applicants.[12]  This is a very high burden that required Dailey to show that "no reasonable person . . . could have chosen the candidate selected over [Dailey]."[13]  To survive summary judgment, the unfairness of the employer's decision must be so apparent as to jump off the record and "slap [the court] in the face."[14]

Dailey did not meet this burden.  Although Dailey's summary judgment evidence shows that he may be qualified for the positions he sought, he did not show that he is clearly better qualified than those selected for promotion.  His summary judgment evidence amounts to no more than his own assertions that he is better qualified and the deposition statements of associates that Dailey is qualified for promotion.  This court will not second guess business decisions of an employer with experience in evaluating applicants for high level promotions where the evidence does not show that the plaintiff is clearly better qualified.[15]  Although Dailey complains about the subjective nature of Vought's interviewing process, the "mere

---

[12]See Manning v. Chevron Chem. Co., 332 F.3d 874, 882 (5th Cir. 2003).

[13]Celestine v. Petroleos de Venezuela SA, 266 F.3d 343, 357 (5th Cir. 2001).

[14]See Odom v. Frank, 3 F.3d 839, 847 (5th Cir. 1993).

[15]See Odom, 3 F.3d at 847.

7

fact that an employer uses subjective criteria is not . . . sufficient evidence of pretext."[16]  In this case, Dailey showed that he is an experienced machinist and that he has a college degree.  This evidence is probative of Dailey's qualifications, but it does not raise a fact question about whether Vought's reason for not promoting him to a supervisory position was a pretext for racial discrimination.  The district court did not err in entering summary judgment for Vought on Dailey's racial discrimination claims.

**B. Dailey's Retaliation Claim**

Dailey also claims that Vought failed to promote him because he complained about racial discrimination in the past.  Dailey complained about discrimination in the early 1990s and filed a lawsuit against Vought.  Dailey also participated in demonstrations outside of Vought's plant, protesting what Dailey claims were Vought's discriminatory practices.  Dailey maintains that he was denied a supervisory position in retaliation for these complaints and protests.

Title VII prohibits retaliation by employers against employees who have opposed unlawful employment practices or who have filed a charge of discrimination.[17]  To survive summary judgment on a retaliation claim, a plaintiff must make a prima

---

[16]*Manning*, 332 F.3d at 882.

[17]*See* 42 U.S.C. § 2000e-3(a).

8

facie showing that 1) he engaged in protected activity, 2) he suffered an adverse employment action, and 3) there was a causal connection between participation in the protected activity and the adverse employment decision.[18]  Dailey satisfied the first part of this burden because Title VII specifically states that an employer may not retaliate against an employee for having made a charge of discrimination.[19]  Thus, Dailey's complaints about racial discrimination are protected activities under Title VII. Dailey satisfied the second part of the prima facie showing because Vought's decision not to promote Dailey constitutes an adverse employment action.[20]  Vought, however, contends that Dailey did not satisfy the third part of his burden because he failed to show a causal connection between participation in the protected activity and the adverse employment action.

To demonstrate causation, the employee must demonstrate that he would have been promoted but for engaging in protected activity.[21]  Here, both parties acknowledge Dailey's complaints

---

[18]*See Ackel v. Nat'l Comm. Inc.,* 339 F.3d 376, 385 (5th Cir. 2003)*; see also Mota v. Univ. of Tex. Houston Health Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001).

[19]*See* 42 U.S.C. § 2000e-3(a).

[20]*See Walker v. Thompson*, 214 F.3d 615, 629 (5th Cir. 2000) (stating that an adverse employment action includes employment decisions on hiring, granting leave, discharging, promoting, and compensating).

[21]*See Mota*, 261 F.3d at 519*; Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 684 (5th Cir. 2001).

9

about race discrimination in the early 1990s.  The summary judgment evidence indicates that some of the individuals involved in the promotion decision knew about Dailey's past complaints, but Dailey offered no evidence that raised a fact question about a causal link between his prior complaints and Vought's decision not to promote him.  Dailey presented nothing more than Vought's knowledge of his prior criticism.  No evidence exists of a hostile reaction to any of Dailey's complaints.[22]  Instead, Dailey asks the court to infer that his complaints in the early 1990s caused the interviewers in 2000 not to promote him.  Although a lapse of time is not necessarily dispositive in a retaliation case,[23] here, so much time passed since Dailey's complaints that he cannot rely on Vought's knowledge of his complaints alone.[24]  The district court did not err in entering

---

[22]*See Grizzle v. Travelers Health Network*, 14 F.3d 261, 268 (5th Cir. 1994) (upholding a judgment not withstanding the verdict and observing that no evidence existed of a hostile reaction to the plaintiff's protected activity).

[23]*See Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 43 (5th Cir. 1992) (finding that the passage of 14 months between the filing of an EEOC charge and employee's discharge was insufficient proof against retaliation claim).

[24]*See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1231 (10th Cir. 2004) (holding that three and one-half months between the filing of an EEOC charge and the adverse employment action was insufficient by itself to establish causation); *Fabela v. Socorro Ind. Sch. Dist.*, 329 F.3d 409, 414-15 (5th Cir. 2003) (recognizing that a six-year lapse between the filing of an EEOC charge and the employee's dismissal did not necessarily mean the plaintiff failed to show causation where the plaintiff presented direct evidence of retaliation); *Strouss v. Mich. Dep't of Corr.*,

summary judgment on Dailey's retaliation claims.

## IV. Conclusion

Dailey failed to raise a fact question about Vought's reason for not promoting him or about a causal connection between his past complaints and Vought's failure to promote him. Consequently, the district court did not err in entering summary judgment on Dailey's claims of racial discrimination and retaliation. Accordingly, this court AFFIRMS the summary judgment.

AFFIRMED.

---

250 F.3d 336, 344 (6th Cir. 2001) (holding that a three-year gap between the protected activity and the adverse employment action was insufficient to support an inference of causation).