United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 29, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41487
_____

HAZEL CONNER,

Plaintiff-Appellant,

versus

HOECHST CELANESE CHEMICAL, INC.;
ET AL.,

Defendants,

CELANESE LTD.,

Defendant-Appellee.

On Appeal from the United States District Court
for the Southern District of Texas, Victoria Division
Docket No. 6:03-CV-49

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

PER CURIAM:[*]

      Hazel Conner appeals a grant of summary judgment to the defendant Celanese Ltd. ("Celanese") on her Age Discrimination in Employment Act ("ADEA") claim.  See 29 U.S.C. § 621 et. seq. Although Celanese adduced legitimate, nondiscriminatory reasons for its failure to promote Conner, Conner's evidence that she was

---

     [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clearly better qualified than the younger employee who was promoted is sufficient to withstand summary judgment.  We therefore **REVERSE** and **REMAND** for further proceedings.

## I.  BACKGROUND

Conner began working at Celanese in May 1977, and worked in various analyst positions in the laboratory for the Technical Department until her retirement in February 2005.[1]  Around May 2001, Celanese began reducing its workforce through a Voluntary Separation Package program.  Conner refused the package, although several other employees accepted it.  One of these employees, Carolyn Griffith, was the lab's Environmental Chemist ("EC"), a higher-level position for which Conner had been trained.

After Griffith's retirement, Conner's superior, Charles O'Rear, decided not to replace the EC position, opting instead to distribute the EC responsibilities between three other positions, including a new role of Environmental Specialist ("ES").  The ES was to assume part of the EC duties, as well as some of the responsibilities of the Traffic Department,[2] which was being dissolved.  O'Rear assigned Kathy Wilson, an employee in the Traffic Department, to the ES position.  Wilson is eleven years

---

[1]     Lab analysts are responsible for performing analyses of routine process samples, finished product samples, and incoming raw materials, analyzing storage tanks and outgoing shipments, and performing tests on wastewater samples.

[2]     The Traffic Department was responsible for packaging and shipping samples, as well as ensuring compliance with Department of Transportation regulations.

younger than Conner and admitted that she had no laboratory or analyst experience or knowledge prior to June or July of 2001 when Celanese began training her for the ES position.

Because Wilson received the ES position, Conner remained in her prior shift-work analyst job, which paid less and had less-desirable hours. In addition to the lower salary, Conner claims this caused her emotional pain, inconvenience, mental anguish, and loss of enjoyment of life.

On April 19, 2002, Conner filed an employment discrimination charge with the Equal Employment Opportunity Commission, alleging violations of the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act, 42 U.S.C. § 1981, the Texas Labor Code, and Texas common law. On September 16, 2005, the district court granted Celanese's motion for summary judgment on all counts. Conner appeals the district court's ruling as to the ADEA claim.

## II. DISCUSSION

This court reviews a district court's grant of summary judgment de novo, applying the same standards as the trial court. MacLachlan v. ExxonMobil Corp., 350 F.3d 472, 478 (5th Cir. 2003). A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

Defendants can demonstrate the absence of a genuine issue of material fact either by (1) submitting summary judgment evidence negating the existence of a material element of the plaintiff's claim or (2) showing there is no evidence to support an essential element of the plaintiff's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-25, 106 S. Ct. 2548, 2552-54 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).

Courts analyze a motion for summary judgment based on a failure to promote under the ADEA using the McDonnell Douglas three-step, burden-shifting framework. See Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 680 (5th Cir. 2001). First, Conner must raise a genuine issue of material fact as to each element of her prima facie case. Celanese must then articulate a legitimate, nondiscriminatory reason for the employment decision. Finally, Conner must raise a genuine issue of material fact as to whether Celanese's proffered reason was false or merely a pretext for age discrimination. Id.

Conner established her prima facie case by showing that (1) she belongs to a protected class; (2) she applied for and was qualified for a position for which applicants were being sought;

4

(3) she was rejected; and (4) a younger applicant was hired. Id. at 680-81; see also O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312, 116 S. Ct. 1307, 1310 (1996) (there can still be an ADEA claim if the younger, successful applicant was also a member of the protected class).

Celanese responds with two legitimate, nondiscriminatory reasons for not promoting Conner to the ES position. First, had Kathy Wilson not received the position, she would have been terminated from Celanese, an outcome the company asserts it wanted to avoid. Second, because of the recent staff reduction in Conner's department, Celanese asserts Conner was not considered for the ES position because her expertise and experience were needed in the lab.

The issue now becomes whether Conner created a material fact issue that the proffered reasons were mere pretexts for age discrimination. See Blow v. City of San Antonio, 236 F.3d 293, 298 (5th Cir. 2001) ("[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated."). Conner attempts to meet this burden by establishing, among other things, that she was clearly better qualified than Wilson for the position. See Price v. Fed. Express Corp., 283 F.3d 715, 723 (5th Cir. 2002) ("[A] showing that the unsuccessful employee was clearly better qualified

5

is enough to prove that the employer's proffered reasons are pretextual.").[3]

The district court compared Conner's and Wilson's qualifications as of April 2002, when Wilson began performing the ES duties. Conner asserts that Wilson was effectively selected over her in June or July of 2001, when Celanese began training Wilson for the position, and it is that time period to which the court should look.

Regardless of which time period we consider, however, Conner presented substantial evidence to the trial court that she was clearly better qualified than Wilson for the Environmental Specialist position. While both Conner and Wilson had been employed at Celanese for a number of years, Conner had significant lab experience, particularly with the Environmental Chemist duties that the ES was to perform. In fact, she had been trained specifically for the EC position, from which many ES responsibilities were drawn. On the other hand, Wilson's only experience consisted of the nine months of training Celanese provided her. In fact, even after receiving months of training, Wilson often had to turn to Conner with questions on how to perform the job. Additionally, Joe Rowland, Celanese's former training

---

[3] The Supreme Court in Ash v. Tyson Foods, Inc., 126 S. Ct. 1195 (2006), impliedly approved of the "clearly better qualified" standard and criticized the Eleventh Circuit's requirement that "the disparity in qualifications [be] so apparent as virtually to jump off the page and slap you in the face," 126 S. Ct. at 1197, which some of our cases also used.

6

coordinator, admitted that he believed Conner to be more qualified than Wilson for the position.

Although Wilson had Traffic Department experience, which Conner lacked, traffic accounted for a very small percentage of the ES duties. In fact, Wilson admitted that eighty-five to ninety percent of the position consisted of environmental and analyst tasks, for which she had no prior experience. Moreover, despite her traffic experience, Wilson still had to attend a specialized course after her selection for the ES position in order to become certified in the ES's traffic duties. Celanese cannot point to any reason why Conner could not have attended the same course and received the same traffic certification.

### III. CONCLUSION

Although Celanese asserted legitimate, nondiscriminatory reasons for its employment decision, Conner rebutted these reasons by demonstrating a genuine issue of material fact whether she was clearly better qualified for the position than the younger employee whom Celanese hired. Summary judgment is therefore inappropriate.

**REVERSED and REMANDED.**