# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11191
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2016

Lyle W. Cayce
Clerk

KATHLEEN REYNOLDS,

Plaintiff–Appellant,

versus

SOVRAN ACQUISITIONS, L.P.,
Doing Business as Uncle Bob's Self Storage, Incorporated,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-1879

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11191

Kathleen Reynolds sued Sovran Acquisitions, L.P. ("Sovran"), alleging sex and age discrimination in violation of, respectively, Title VII (42 U.S.C. § 2000e-2(a)(1)) and the Age Discrimination in Employment Act of 1967 ("ADEA") (29 U.S.C. § 623(a)(1)). Concluding that a reasonable jury could not find for Reynolds on either claim, the district court granted summary judgment to Sovran.[1] Reynolds appeals, claiming there are genuine disputes as to material facts and that the district court erred in various evidentiary decisions. We affirm.

## I.

Reynolds began working as a store manager for Sovran in February 2009.[2] She was terminated on August 8, 2013, at the age of 53. According to Sovran, her position was first offered to another female employee, who turned it down.[3] Reynolds's eventual replacement was a 27-year-old man, Chris Atkinson.

At the time of her termination, Reynolds's immediate supervisor, Kevin Bagwell, told Reynolds that her discharge was for customer-service issues. The main incident that Sovran points to was some time in 2013, when a disgruntled customer became upset with Reynolds—according to Reynolds about something she would not do because it was against company policy. Reynolds maintains that the customer asked for the phone number to Store 91, stating that he knew "Brian," the store manager there, but Sovran says the customer asked

---

[1] *Reynolds v. Sovran Acquisitions, L.P.*, No. 3:14-CV-1879-D, 2015 WL 6501552 (N.D. Tex. Oct. 27, 2015).

[2] On a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party, here Reynolds, and draws all reasonable inferences in her favor. *See Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 762 (5th Cir. 2001).

[3] Reynolds did not object to this fact in the district court, but she disputes it on appeal.

No. 15-11191

for the number of Reynolds's supervisor, i.e., Bagwell. Instead, Reynolds gave the customer her own cell phone number.

When the customer realized what had happened, he returned to the store and again asked for Store 91's phone number (according to Reynolds) or Sovran's phone number or Bagwell's phone number (according to Sovran). This time Reynolds provided the customer with the number to Store 91, where Reynolds's associate manager, Atkinson, was working that day. Reynolds then called Atkinson and told him that a customer would be calling. Reynolds says that she asked Atkinson to back her up on store policy, whereas Sovran maintains that Reynolds asked Atkinson to pretend that he was her supervisor so that she would not get into trouble.

Atkinson reported the incident to Bagwell first verbally, then in an email dated July 24, 2013, and Bagwell forwarded the email to Human Resources ("HR"). Sovran maintains that HR investigated the complaint by speaking with Atkinson and having Bagwell speak to the customer and Reynolds, whereas Reynolds asserts that there was no investigation and that HR merely backed Bagwell's decision to terminate her. Eventually, there was a conference call between Bagwell and other Sovran employees over the incident; they decided to terminate Reynolds. Reynolds filed charges with the Equal Employment Opportunity Commission, which issued a right-to-sue letter.

II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Where, as here, the non-movant ultimately bears the burden of proof at trial, Sovran is entitled to summary judgment not only by producing evidence negating Reynolds's claims but also

3

No. 15-11191

by pointing to the absence of admissible evidence supporting her claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). If Sovran does that, Reynolds must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

Reynolds must do more than show "some metaphysical doubt as to the material facts" or make "conclusory allegations" or "unsubstantiated assertions," or provide "only a 'scintilla' of evidence." *Id.* Rather, she must "identify specific evidence in the record" and "articulate the precise manner in which the evidence supports . . . her claim[s]." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Reynolds's failure to prove "an essential element" of her case "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## III.

In the absence of direct evidence of discrimination, the burden-shifting test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), applies to both of Reynolds's claims. Under this framework, Reynolds faces the initial burden of establishing a *prima facie* case of discrimination. *Id.* at 802. If she does that, the burden shifts to Sovran to "articulate some legitimate, nondiscriminatory reason" for her termination. *Id.* At that point, the *prima facie* case dissolves, and the burden shifts back to Reynolds. For her Title VII claim, she must then show either "(1) that the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611. For her ADEA claim, Reynolds's burden is

4

somewhat different: She must show "either [1] that the employer's proffered reason was not true—but was instead a pretext for age discrimination—or [2] that, even if the employer's reason is true, [s]he was terminated *because of* h[er] age." *Miller v. Raytheon Co.*, 716 F.3d 138, 144 (5th Cir. 2013) (emphasis added).[4]

For purposes of summary judgment, Sovran conceded that Reynolds made out a *prima facie* case of discrimination, and Reynolds conceded that Sovran had articulated a legitimate, nondiscriminatory reason for termination. Sovran's proffered nondiscriminatory reasons for terminating Reynolds are that she had multiple customer service issues, she supplied a customer with false information and falsified her supervisor's telephone number, and she deceived a customer who wanted to lodge a complaint against her. The court granted summary judgment because it concluded that Reynolds failed to provide sufficient evidence for a reasonable jury to find that Sovran's non-discriminatory reason was pretext and that discrimination was a motivating factor in, or but-for cause of, her termination. On appeal, Reynolds avers that summary judgment was improper because there are evidentiary problems with facts on which the district court based its summary judgment and that there are genuine disputes as to material facts.

A.

Reynolds maintains that Sovran failed to carry its burden under the second stage of *McDonnell Douglas* because its nondiscriminatory reason was not supported by evidence from a witness with personal knowledge. We decline

---

[4] The plaintiff's burden of proof under the third stage of *McDonnell Douglas* is thus higher for ADEA claims than for Title VII claims. For an ADEA claim, the plaintiff must demonstrate that age was a but-for cause of the adverse employment action. For a Title VII claim, in contrast, the plaintiff need demonstrate only that sex was *a* motivating factor.

No. 15-11191

to consider that objection, because it has been waived. In response to Sovran's motion for summary judgment, Reynolds explicitly conceded that Sovran "'articulated' a legitimate business reason for her discharge." Because "[a] party's concession of an issue means the issue is waived and may not be revived," *Smith v. United States*, 328 F.3d 760, 770 (5th Cir. 2003), Reynolds cannot now attack Sovran's proffered nondiscriminatory reason on the ground that it was not supported by admissible evidence.[5]

B.

Reynolds contends that Tammy Vega's deposition raises a genuine issue of material fact. There Vega, who was hired as Atkinson's associate manager after Atkinson became manager of Store 751, stated that Atkinson told her that he had set Reynolds up to get fired, that he wanted Reynolds's apartment (which went along with the manager's position), and that he and Bagwell were trying to get Reynolds's fired. Sovran objected to Atkinson's alleged statements as hearsay, but the court declined to rule on the evidentiary issue because it concluded that, even assuming the statements were admissible, they would not enable a reasonable jury to find discrimination based on sex or age.

The district court was correct. Atkinson's alleged statements do not implicate sex or age. Consequently, they would not enable a reasonable jury to find that Atkinson or Bagwell discriminated based on either of those protected characteristics or that Sovran was aware of their motives when it terminated Reynolds on the basis that she engaged in deceptive conduct involving

---

[5] In the district court, Reynolds never objected to the evidentiary basis for Sovran's proffered nondiscriminatory reason, so her evidentiary challenge is barred unless its admission was a plain error affecting a substantial right. FED. R. EVID. 103(e). Reynolds, however, makes no attempt to show plain error, and we find none.

a customer. Atkinson's alleged statements raise a genuine dispute as to a fact but not a genuine dispute as to a *material* fact.

## C.

Reynolds maintains that the district court erred in concluding that Bagwell's intent to help Atkinson get a promotion could not result in illegal discrimination against Reynolds. Helping Atkinson become a manager necessarily required terminating someone in a managerial position, and Reynolds contends that the jury could infer that Bagwell chose whom to terminate— namely, Reynolds—based on sex or age. Reynolds also stresses the consequences of Bagwell's actions, namely, her termination, and she reasons, based on *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971), and *Smith v. City of Jackson, Mississippi*, 544 U.S. 228 (2005), that there can be illegal discrimination even without the intent to discriminate.

We disagree. Standing alone, Bagwell's intent to help Atkinson would not permit a reasonable jury to conclude that Bagwell terminated Reynolds based on sex or age. And Reynolds cannot prevail on her discrimination claims in the absence of a finding of discriminatory intent. Her citations to *Griggs* and *Smith* are inapposite, because both dealt with disparate-impact claims rather than discriminatory targeting of a specific individual, and Reynolds does not allege or offer any evidence that her termination was the result of company policies that have a disparate impact based on sex or age.[6]

---

[6] *Griggs* dealt with a Title VII disparate-impact claim pursuant to 42 U.S.C. § 2000e-2(a)(2), *Smith* with an ADEA disparate-impact claim pursuant to 29 U.S.C.§ 623(a)(2). Reynolds's claims, in contrast, sound under 42 U.S.C. § 2000e-2(a)(1) and 29 U.S.C. § 623(a)(1).

No. 15-11191

D.

According to Reynolds, the record shows that Bagwell was given "unfettered discretion that resulted in [her] firing." This unfettered discretion, she contends, raises a fact issue precluding summary judgment. In support of that legal proposition, she points to *Rowe v. General Motors Corp.*, 457 F.2d 348 (5th Cir. 1972); *Lindsey v. Prive*, 987 F.2d 324 (5th Cir. 1993); and *Medina v. Ramsey Steel Co.*, 238 F.3d 674 (5th Cir. 2001).

Reynolds's theory is flawed. First, the record does not show that Bagwell was given unfettered discretion in hiring and firing. Aside from Reynolds's conclusory assertions, no evidence supports the notion that Bagwell had sole decisionmaking authority over whether to retain or fire Reynolds. Moreover, even if he did, and other employees merely rubberstamped his decision to terminate Reynolds, there is no evidence that Bagwell based or could have based his decision on purely subjective factors, as was the case in *Rowe*, *Lindsey*, and *Medina*. Instead, the record indicates that the decision to terminate Reynolds rested on objective factors: customer complaints and suspicions that Reynolds had acted deceptively.

Second, all of the cases that Reynolds cites are inapposite. *Rowe* deals with a disparate-impact claim under Title VII, and *Lindsey* and *Medina* concern the use of subjective criteria in hiring and promotion.

E.

Reynolds criticizes the district court for failing to consider Bagwell's statements to Reynolds as "admissible and relevant in raising a fact issue showing that he discriminated against her because of her sex or age." Reynolds testified that, twice when hiring an associate manager, Bagwell remarked that it would be preferable to hire a man. She also stated that Bagwell told her she

8

should be more "friendly and bubbly" toward people and that she might be happier doing something else and maybe did not like working for Sovran.

The district court concluded that those alleged remarks failed to qualify as circumstantial evidence of intentional discrimination. To demonstrate that an employer's proffered reason for termination is pretext or to serve as additional evidence of discrimination, a "remark must, first, demonstrate discriminatory animus and, second, be made by a person primarily responsible for the adverse employment action or by a person with influence or leverage over the formal decisionmaker." *Laxton v. Gap, Inc.*, 333 F.3d 572, 583 (5th Cir. 2003). Bagwell's alleged statements satisfy the second requirement, given that he was Reynolds's direct supervisor and participated in the decision to terminate her. The district court concluded, however, that Bagwell's statements failed to satisfy the first requirement.

The court was correct. Bagwell's alleged remarks that Reynolds should be more "friendly and bubbly," that she might be happier doing something else, and that she might not like working for Sovran implicate neither sex nor age, nor do they demonstrate discriminatory animus on either basis. Reynolds's alleged statements regarding a man's being a preferable hire, on the other hand, do implicate sex but do not raise a genuine dispute concerning discriminatory animus, because they were not "proximate in time to the [complained-of adverse employment decision]" or "related to the employment decision at issue."[7] Bagwell's alleged remarks expressing a preference for male hires occurred in 2012 and were made with regard to the hiring of associate managers. They were thus remote in time and unrelated to Reynolds's termination

---

[7] *Jenkins v. Methodist Hosps. of Dall., Inc.*, 478 F.3d 255, 261 (5th Cir. 2007) (alteration in original) (quoting *Patel v. Midland Mem'l Hosp. & Med. Ctr.*, 298 F.3d 333, 343–44 (5th Cir. 2002)).

No. 15-11191

in August 2013. Those alleged comments do not create a genuine dispute of material fact.

F.

Reynolds claims that Sovran failed to follow its internal disciplinary procedures, raising a fact issue as to whether Sovran's nondiscriminatory reason for her termination was mere pretext. The district court concluded otherwise, because Reynolds "failed to point to summary judgment evidence that would enable a reasonable jury to find that Sovran deviated from its formal disciplinary practice." *Reynolds*, 2015 WL 6501552, at *6. That analysis is sound. Reynolds never introduced the relevant parts of Sovran's employee handbook into the summary judgment record. In support of her claims that Sovran failed to comply with its disciplinary policy, she merely offered testimony that she "believed" Sovran adopted a process similar to the one she described. Her "unsubstantiated and subjective beliefs and opinions regarding good employment practices are insufficient to create a genuine fact issue." *Id.* (citing *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002)). Thus Reynolds has failed to show a genuine dispute as to a material fact.

G.

Reynolds posits that the district court erred in relying on Atkinson's statement that, after Reynolds's termination, Sovran first offered her position to another female employee, because, Reynolds claims, Atkinson's statement is hearsay. Reynolds did not object to the admissibility of that evidence in the district court, so her challenge is barred unless its admission was a plain error affecting a substantial right. FED. R. EVID. 103(e). Reynolds makes no attempt to show plain error, and we find none.

10

No. 15-11191

H.

Reynolds objects to the district court's conclusion that an employer's good-faith mistake in deciding to terminate does not raise a genuine fact issue regarding pretext.  Citing *Waggoner v. City of Garland, Texas*, 987 F.2d 1160 (5th Cir. 1993), Reynolds argues that the veracity of an accusation can create a fact issue in situations other than where one employee accuses another employee of engaging in some type of wrongdoing.  But Reynolds's narrow reading of *Waggoner* is incorrect.  "[E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason." *Little v. Republic Refining Co.*, 924 F.2d 93, 97 (5th Cir. 1991).  What Reynolds must therefore prove to avoid summary judgment is not that she really did not handle the customer complaint in a deceptive manner, but that Sovran did not have a good-faith belief regarding the customer complaint.  Because she has failed to make this showing, there is no genuine dispute as to a material fact.

I.

Reynolds asserts that the district court erred in concluding that Atkinson would not have "set up" Reynolds for termination, in light of his praise for her in his deposition.  But the court never arrived at any such conclusion.[8]  The objection is thus meritless.

The summary judgment is AFFIRMED.

---

[8] Reynolds cites the district court's opinion, 2015 WL 6501552, at *9, which discusses her theory that Bagwell (rather than Atkinson) tried to get Reynolds fired and Sovran's argument that it would be illogical for "the same employee, Bagwell, who gave [Reynolds] high marks on store visits, would then turn around and discriminate against her based on her age or her gender."  The district court declined to consider Sovran's argument "because this evidence, alone or in combination with the other three reasons [Reynolds offers], is insufficient to raise a genuine fact issue." *Id.*